JOHN DOE,

                Plaintiff,

  v.                                 Case No. 24-cv-1144-pp

SUSAN L. TORRES, *et al.*,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 29), DENYING DEFENDANTS' RULE 25(A)(1) MOTION (DKT. NO. 33) AND DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 35)

On February 17, 2026, the defendants filed a motion under Federal Rule of Civil Procedure 25(a)(1) notifying the court that on February 12, 2026, the plaintiff had died. Dkt. No. 33. The defendants asked that if, within ninety days, "no proper entity has moved for substitution of the plaintiff," the court dismiss the case. Id. at 1. On May 19, 2026, the defendants filed a motion to dismiss, stating that no entity had moved to substitute the plaintiff. Dkt. No. 35.

The Wisconsin Supreme Court has confirmed that under Wisconsin's survival statute, personal injury actions survive death. Bartholomew v. Wis. Patients Comp. Fund & Compcare Health Servs. Ins. Corp., 717 N.W.2d 216, 227 n.36 (Wis. 2006) (citing Wis. Stat. §895.01). Cases such as this one, brought under §1983, "are best characterized as personal injury actions."

1

Owens v. Okure, 488 U.S. 235, 240 (1989) (internal quotations and citations omitted).

> Federal Rule of Civil Procedure 25(a) provides in relevant part:
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). A statement noting the death must be served on nonparties. Fed. R. Civ. P. 25(a)(3). The ninety-day period to file a motion for substitution does not begin until the notice of death is filed and served upon the decedent's successor or representative. Id. at (a)(1), (a)(3); Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008) ("[T]he cases are unequivocal that an obviously interested nonparty . . . must be served for the 90-day clock to start running."). Generally, "nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served." Id.

When the defendants filed their suggestion of death on February 17, 2026, counsel averred that he was not aware of the identity of the plaintiff's estate's personal representative or any other proper party who could be noticed under Rule 25(a)(1). Dkt. No. 34 at ¶6. And in their motion to dismiss, the defendants state that their counsel still is not aware of any proper party to serve beyond the filing of the motion. Id. But the Wisconsin Circuit Court Access Program shows that probate proceedings commenced on March 28,

2

2026, and that a personal representative has appeared for the plaintiff. <u>In the Estate of [Doe]</u>, Bayfield County Case No. 2026PR16. http://wcca.wicourts.gov.

To comply with Rule 25(a)(1), the defendants must serve the notice of death on the plaintiff's personal representative. Once the defendants notify the court that they have done that, the ninety-day period for filing a motion for substitution will begin. The court will deny the defendants' Rule 25(a)(1) motion and their motion to dismiss.

Finally, before he died, the plaintiff filed a motion for sanctions based on the defendants' purported filing of an answer that violated Federal Rule of Civil Procedure 8(b). Dkt. No. 29. The plaintiff stated that the defendants had claimed a "general denial" on the ground that the plaintiff had not yet signed a medical authorization for his protected health information. <u>Id.</u> at 1. The plaintiff said that the complaint contained numerous allegations that did not require the release of his protected health information. <u>Id.</u> at 2. The plaintiff asked the court to strike the defendants' answer, order them to file a proper answer that admitted or denied each allegation, impose other appropriate sanctions and extend the discovery deadline. <u>Id.</u> at 4. The defendants respond that in answering the complaint, they made a general denial in good faith under Federal Rule of Civil Procedure 8(b)(3). Dkt. No. 30 at 2. They state that they do not have access to the plaintiff's protected health information, and that most of factual allegations in the complaint overlap with medical-related allegations. <u>Id.</u>

3

A party may enter a general denial if it intends in good faith to deny all the allegations of a pleading or generally deny all allegations except those they specifically admit. Fed. R. Civ. P. 8(b)(3). The defendants' general denial was not improper. <u>See</u> <u>Daniels v. Doe</u>, Case No. 18-CV-775, 2019 WL 3253695, at *1 (E.D. Wis. July 18, 2019) (entry of general denial because of a lack of a signed medical release to access medical record was proper). The court will deny the plaintiff's motion for sanctions.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 29.

The court **DENIES** the defendants' Rule 25(a)(1) motion. Dkt. No. 33.

The court **DENIES** the defendants' motion to dismiss. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 29th day of May, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4